UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| NEW YORK CENTRAL MUTUAL FIRE<br>INSURANCE COMPANY as subrogee of<br>Wayne and Carol Blumrick,<br>WAYNE BLUMRICK,<br>CAROL BLUMRICK, | **DECISION**<br>**and**<br>**ORDER** |
| Plaintiffs, | |
| v. | **22-CV-272WMS(F)** |
| NISSAN NORTH AMERICA, INC., | |
| Defendant. | |

_____

APPEARANCES:   RUPP PFALZGRAF LLC
                Attorneys for Plaintiffs
                MARCO CERCONE,
                CHRISTOPHER J. SASIADEK,
                BRANDON M. SNYDER,
                MATTHEW F. WITHIAM-LEITCH, of Counsel
                1600 Liberty Building
                424 Main Street
                Buffalo, New York 14202

                SHOOK, HARDY & BACON, L.L.P.
                Attorneys for Defendant
                HOMER B. RAMSEY,
                JOSHUA A. WEINER, of Counsel
                1 Rockefeller Plaza, 28th Floor
                New York, New York   10020

## JURISDICTION

This case was referred to the undersigned by order of Hon. William M. Skretny for all non-dispositive pretrial matters on May 5, 2022 (Dkt. 7).  It is presently before the court on Defendant's Motion To Compel, filed June 12, 2023 (Dkt. 42).

## BACKGROUND

In this action, commenced April 8, 2022, Plaintiffs allege Defendant ("Defendant" or "Nissan") is liable for damages to Plaintiffs Blumricks' ("Blumricks") property as a result of a fire in the Blumricks' garage which occurred on June 17, 2021, caused by a defectively designed or manufactured seal within the actuator pump of the Automatic Brake System ("ABS") on Blumricks' 2020 Nissan Murano SUV which the Blumricks leased from a local Nissan dealer on September 18, 2020.  Plaintiffs assert three state law claims including negligence, strict product liability and breach of express and implied warranties.

Defendant's Motion to Compel was filed June 12, 2023 (Dkt. 42) ("Defendant's motion") including Declaration of Joshua A. Weiner In Support Of Defendant Nissan North America, Inc.'s Motion To Compel Plaintiffs To Provide Proper And Complete Discover (Dkt. 43) ("Weiner Declaration") together with exhibits A – I (Dkts. 43-1 – 43-9) ("Weiner Declaration Exh(s). __") and Defendant's Memorandum Of Law In Support Of Motion To Compel Plaintiffs To Provide Proper And Complete Discovery (Dkt. 44) ("Defendant's Memorandum") together with exhibits A – C (Dkts. 44-1, 44-2 and 44-3). ("Defendant's Memorandum Exh(s). __").  Plaintiffs' opposition, Declaration of Matthew F. Withiam-Leitch, (Dkt. 50) ("Withiam-Leitch Declaration") was filed July 5, 2023 together with exhibits A – D (Dkts. 50-1 – 50-4) ("Withiam-Leitch Declaration Exh(s) ___") and Plaintiffs' Memorandum of Law (Dkt. 50-2) ('Plaintiffs Memorandum").  On July 17, 2023, Defendant filed Defendant's Reply Memorandum Of Law In Further Support of Defendant's Motion (Dkt. 51) (Defendant's Reply").  Oral argument was deemed unnecessary.

## FACTS[1]

On June 17, 2021, Plaintiff Carol Blumrick heard a noise in the Blumricks' unattached garage at 31 State Street, Middleport, New York, and upon entry to the garage noticed black smoke coming from a back wall of the garage in which the 2020 Murano (the Murano") was located or from under Murano itself.  Plaintiff Wayne Blumrick was working in an apartment building adjacent to the Blumrick residence.  As a result of the fire ("the fire") the Blumricks' Murano which was insured by Plaintiff New York Central Mutual Fire Insurance Company ("New York Central"), was a complete loss, and the garage was destroyed along with other damage to the Blumricks' property which were also insured by New York Central.  Plaintiffs seek approximately $183,000 in damages including reimbursement to Plaintiff New York Central for payments of $92,085.22 made to the Blumricks under their insurance policy with New York Central and approximately $81,000 in uninsured losses incurred by the Blumricks.  Plaintiffs claim the fire was caused by a defective seal on the 2020 Murano's ABS actuator pump assembly.  Plaintiffs rely on the fact that the National Highway Transportation Safety Administration ("NHTSA") required Defendant Nissan to recall 2015-2018 Muranos along with other models manufactured by Nissan based on a defective ABS actuator pump seal similar to the seal on Blumricks' 2020 Murano's ABS which the Plaintiffs' allege allowed brake fluid to leak into the ABS circuit board resulting in a fire.

---

[1]  Taken from the papers and pleadings filed in connection with this action.

## DISCUSSION

Defendant's motion raises seven issues. First, Defendant requests that Plaintiffs' General Objections to Defendant's Interrogatories and Document Requests be stricken for violation of Fed.R.Civ.P. 34(b)(2)(B) – (C) ("Rule 34(b)(2)(B), (C)"). As amended in 2015, Rule 34(b)(2)(B) requires the responding party to "state <u>with specificity</u> the grounds for objecting to the [document] request including the reasons" and Rule 34(b)(2)(C) requires that an objection state whether responsive materials are being withheld on the basis of "[the stated] objection." Thus, courts reject general objections unless such objections pertain to each document request such as when a general objection is based on privilege or work product protection and applies to each document production request. *See Sovereign Cape Cod Investors LLC v. Eugene A. Bartow Insurance Agency, Inc.*, 2022 WL 624553, at *3 (E.D.N.Y. Mar. 3, 2022) ("general objections may be appropriate only if the objection applies to <u>every</u> response to every document request") (citing *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2012) (holding that "incorporating all of the General Objections into each response [to a Rule 34(a) request] violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection," and that "[g]eneral objections should rarely be used after December 1, 2015 unless each such objection applies to each document request (*e.g.*, objecting to produce privileged material)" (underlining added)). *See also Vann v. City of Rochester*, 2023 WL 4976002, at * 3 (W.D.N.Y. Aug. 3, 2023) (directing defendant to supplement responses for production by withdrawing general objection and reasserting objections as to specific documents).

4

In response, Plaintiffs assert that as their general objection was "primarily" based on privilege, specifically, work product protection, Plaintiffs' general objections fall within the exception to Rule 24(b)(1)(B).  Plaintiffs' Memorandum, Dkt. 50-2 at 2-3.  However, careful review of Defendant's Requests indicates few, if any, of Defendant's production requests are likely to involve any such assertions of privilege or work product protection.  For example, Defendant's Request No. 1 requests Plaintiffs produce all documents referenced or relied upon by Plaintiffs in answering Defendant's First Set of Interrogatories.  *See* Weiner Declaration Exh. B, Dkt. 43-2 at 30.  Defendant's Request No. 2 requests documents providing names and addresses for all witnesses to the fire, *id.*; Defendant's Request No. 3 requests documents showing the names and addresses of all owners of the 2020 Murano at the time of the fire, *id.,* Defendant's Request No. 4 requests information concerning ownership of the property at issue, *id.*, Defendant's Requests Nos. 5, 6 and 7 request information for any insurance policy on which a claim has been made for damages to the Murano and the premises by the Blumricks together with requests for Defendant to obtain copies of such information, *id.* at 3-4; Defendant's Request No. 9 seeks documents concerning any statements made by Defendant regarding the subject of Plaintiffs' action, *id.*, at 5; Defendant's Request No. 10 requests witness and accident reports in possession of Plaintiffs or prepared in the regular course of business relating to the fire and purported losses, *id.* at 5; Defendant's Request No. 11 seeks copies of all fire, police, adjustors and other reports relating to the fire and alleged damages, *id.*; Defendant's Request No. 12 requests copies of any papers served in the instant case, *id.* at 5-6; Defendant's Request No. 12 seeks documents related to the ownership, maintenance and repair of the Murano, *id.* at 6;

Requests Nos. 13-14 request photographs and videos of the fire, *id.;* Requests Nos. 16-18 seek documents pertaining to Plaintiffs' damages, *id.*; Request No. 19 requests copies of all government standards Plaintiffs contend the Murano failed to meet, *id.*; Request No. 20 seeks documents relating to Plaintiffs' claim that Nissan recalled 750,000 vehicles because of problems with their ABS system, *id.*; Defendant's Request No. 21 requests documents supporting Plaintiffs' allegation that the Murano passed inspection on September 18, 2020, *id.*; Request No. 22 seeks documents establishing that the Blumricks' Murano was within the NHTSA recall as Plaintiffs allege, *id.*; Requests Nos. 23-28 seek documents supporting Plaintiffs' assertion that the Murano's ABS actuator pump failed allowing brake fluid to leak into the ABS circuit board resulting in an electrical short circuit which in turn caused the fire as a result of a design or manufacturing defect, including a lack of warnings and thereby established a breach of warranty, *id.*, at 8-10; Defendant's Requests Nos. 29-30 seek information concerning Plaintiffs' damages. *Id.* at 10.  As can be seen from the foregoing recitation, none of Defendant's requests, on their face, are likely to implicate any plausible assertion of privilege or work product protection.  Therefore, Defendant's requests do not establish a basis for Plaintiffs' assertion of privilege or work product protection against each of Defendant's document requests.  *See Sovereign Cape Cod Investors, LLC*, 2022 WL 624553, at *3 (citing *Fischer*, 2017 WL 773694, at *3).  Accordingly, Plaintiffs' generalized objections lack any basis upon which to find any reason to apply the exception to Rule 34(b)(2)(B) based on an asserted privilege, are therefore ineffective and as such are overruled.[2]

---

[2]  Defendant's request, Defendant's Memorandum, Dkt. 44, at 7, for an order striking Plaintiffs' General Objections is, accordingly, unnecessary.

Second, Defendant challenges Plaintiffs' Privilege Log (Weiner Declaration Exh. G, Dkt. 43-7) based on a failure to comply with Fed.R.Civ.P. 26(b)(5)(A)(ii) ("Rule 26(b)(5)(A)(ii)") and Local Rule of Civil Procedure 26(d)(1) ("L.Rule Civ.P. 26(d)(1)"). Rule 26(b)(5)(A)(ii) and L.Rule Civ.P. 26(d)(1) which require assertions of privilege or work product protection be stated in a description of the nature of the withheld documents in a manner that, without revealing the privileged or work product protected information, will enable the receiving party to assess the claim. Plaintiffs' Privilege Log asserts work product protection for all information post-dating New York Central's purported decision on June 25, 2021 (*see* Plaintiffs' Memorandum, Dkt. 50-2, at 47) to pursue a subrogation claim against Defendant, *see* Withiam-Leitch Declaration Exh. G, Dkt. 50-1 at 48, and a lack of relevancy objection to six documents Plaintiffs provided in redacted form including a Property Large Loss Report and five Claim Notes. *Id.* To be effective, relevancy objections must be asserted at the time of a response to a Rule 34(a) document request is served, otherwise it is waived. *See Lamparelli Construction Company, Inc. v. Arrow Wood Products, Inc.*, 2016 WL 1387239, at * 1 (W.D.N.Y. Apr. 8, 2016) ("The general rule is that 'a failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.") (citing cases). Here, a fair reading of Plaintiffs' responses to Defendant's Rule 34(a) document production requests reveals no objection based on lack of relevancy was timely interposed by Plaintiffs in response to Defendant's document requests. *See* Weiner Declaration Exh. D, Dkt. 43-4 (*passim*). Specifically, Plaintiffs' objections were limited to vagueness, overbreadth, and undue burdensomeness. *See, e.g., id.* at 6. Therefore, to the extent Plaintiffs' asserted ground for redaction as to the Large Loss

7

Report and five Claim Notes is based on a lack of relevancy, as the Plaintiffs' Privilege Log asserts, such objection was waived and Plaintiffs are therefore required to provide to Defendant copies of each document in unredacted form.

As regards Plaintiffs withholding of post-subrogation created documents, referred to as "Miscellaneous" documents, based on work-product protection, Plaintiffs' Privilege Log is deficient in two major respects.  First, the Privilege Log fails to provide any description of the withheld "Miscellaneous" documents contrary to the requirements of Rule 26(b)(1), (5)(A)(ii) and Local R.Civ.P. 26(d)(1).  Second, to the extent Plaintiffs assert that all such documents are subject to work-product protection as created in contemplation of litigation, *see* Fed.R.Civ.P. 26(b)(3)(A), based solely on Plaintiffs' assertion that all documents created by an insurer after Plaintiff New York Central's decision to pursue subrogation on June 25, 2021, are thereby within the scope of work-product protection, *see* Plaintiffs' Memorandum, Dkt. 50-2, at 3-4, Plaintiffs are mistaken.  Courts have held that all documents created by an insurer post-subrogation are not thereby subject to work-product protection as created in contemplation of litigation absent a showing by the party asserting the protection that the document was in fact created in contemplation of litigation. *See Selective Ins. Co. of America v. Swarey,* 2011 WL 240750, at *2 (W.D.N.Y. Jan. 24, 2011) (court found upon review of unredacted version of redacted documents submitted by parties that documents contained "strategic and tactical comments regarding possible litigation, confirm[ing] that they were made at a point where litigation was not only anticipated, but being actively planned"); *Weber v. Paduano*, 2003 WL 161340, at *4 (S.D.N.Y. Jan. 22, 2003) ("A party withholding insurance documents may not rest on conclusory allegations of

privilege, but must establish, <u>by objective evidence</u>, that the author of the document anticipated litigation at the time that the document was created, and would not have created the document in essentially the same way had the prospect of litigation not existed.") ("*Weber*") (citing *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (holding that whether document was prepared in anticipation of litigation means it was prepared "because of the prospect of litigation")) (underlining added).  Moreover, even documents created after instituting litigation does not relieve the withholding party of the obligation to show that the document "would not have been prepared but for the litigation."  *Id.* at *7 (citing *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 467 n. 6 (S.D.N.Y. 1996).  In *Weber*, the court observed that all of the documents at issue were authored within three months of the fire in that case, "suggesting that they were not prepared in anticipation of litigation."  *Weber*, 2003 WL 161340, at *9.  Here, according to Plaintiffs, the withheld documents were all created after Plaintiff New York Central allegedly made the decision to subrogate on January 25, 2021, a mere four days after the fire on June 21, 2021 thus casting doubt on whether New York Central's decision to pursue subrogation was in fact made on January 25, 2021.  Further, a party's failure to satisfy such burden warrants granting a requesting party's motion to compel.  *See Fingerhut ex rel. Fingerhut v. Chautauqua Institute Corp., Inc.*, 2013 WL 5923269, at *4 (W.D.N.Y. Oct. 31, 2013) (granting plaintiff's motion to compel seeking production of materials identified in defendant's privilege log where defendant fails to provide sufficient information to enable court to determine whether withheld materials – photographs – were in fact created in preparation for litigation); *Weber,* 2003 WL 161340, at *9, 15 (directing defendant to produce disputed documents within 30 days

based on defendant's failures to provide evidence of insurer's intent to litigate as to each withheld documents).

Plaintiffs' assertion (*see* Privilege Log, Dkt. 43-7) that the "Miscellaneous" documents are within the scope of the attorney-client privilege fails for similar reasons. First, the Privilege Log is woefully deficient in that it fails to provide even the barest indicia of descriptiveness to enable an assessment whether the privilege under New York law as applicable in a diversity action such as the instant case, *see McNamee v. Clemens*, 2014 WL 1338720, at * 4 (E.D.N.Y. Apr. 2, 2014) (deficient privilege log failed to permit reviewing court to determine whether the asserted privileges applied), should be applied as required by Rule 26(b)(5)(A)(ii) and Local Rule 26(d)(1).  Second, Plaintiffs have not provided any objective evidence in the form of affidavits or otherwise to support Plaintiffs' assertion of the privilege.  See Discussion, *supra*, at 8-18.  *See also Adelman,* 134 F.3d at 1202 ("in anticipation of litigation" extends work-product protection to documents which "'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation.'") (quoting Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 FEDERAL PRACTICE & PROCEDURE, § 2024 at 343 (1994) (italics in original)).  Here, Plaintiffs assert Plaintiff New York Central decided to pursue subrogation on June 25, 2021.  *See* Plaintiffs' Memorandum, Dkt. 50-1 at 4.  However, an assertion by counsel in a memorandum of law is insufficient to establish the date of insurer's decision to pursue subrogation, rather, evidence such as an affidavit by a person with knowledge of the facts to establish a particular document is entitled to work-product production is required.  *See Fingerhut ex rel.*, 2013 WL

5923269, at *3 (neither privilege log nor subsequent submissions by defendant enabled court to determine whether withheld materials were subject to work-product protection); *Weber*, 2003 WL 161340, at *9 (no affidavit or other evidence provided date defendant's insurer created withheld documents "in furtherance of an identifiable resolve to litigate"). In sum, Plaintiffs' failure to satisfy their burden to establish work-product protection or privilege for the "Miscellaneous" documents created after the asserted decision by Plaintiff New York Central to seek subrogation requires Defendant's motion related to this issue be GRANTED.

Third, Defendant complains that Plaintiffs' redaction of documents Plaintiffs produced, *see* Weiner Declaration ¶ 12, Dkt. 43, at 3, was in white rather than the usual black making it difficult for Defendant to discern exactly what is being redacted. Defendant's Memorandum, Dkt. 44, at 17.  Plaintiffs contend Defendant cannot cite to any authority for Defendant's request.  Plaintiffs' Memorandum, Dkt. 50-2, at 4-5.  While the extent of Defendant's problem may be difficult for the court to assess, in the absence of any examples provided by Defendant to the court, the court notes that redactions in this district are typically done in black.  Accordingly, Plaintiffs shall provide to Defendant copies of all produced redacted documents using black to effect such redactions.

Fourth, Defendant seeks more complete document production responsive to Defendant's First Set of Requests to Produce No. 13 served July 19, 2022.  *See* Weiner Declaration Exh. B, Dkt. 43-2, at 6, ("Document Request No. 13).  Specifically, Document Request No. 13 requests Plaintiffs produce all documents relating to the purchase/acquisition, ownership, maintenance, repair, servicing, alternation,

manufacturing, storage and use of the 2020 Murano.  In Plaintiffs' response, Plaintiffs stated all responsive documents are provided in the New York Central Claim File attached as Exhibit A.[3]  Defendant objects that such response is deficient in that it fails to expressly state whether the Blumricks have any responsive documents in their possession.  See Dkt. 44 at 17-18.  In opposition, Plaintiffs contend Plaintiffs have produced all relevant and non-privileged documents in Plaintiffs' possession.  Plaintiffs' Memorandum, Dkt. 50-2, at 5.  Initially, the court notes the absence of any valid objection by Plaintiffs based on lack of relevance to Request No. 13.  See Weiner Declaration, Dkt. 43-4, at 17 (referencing Plaintiffs' General Objections and objections based on attorney-client privilege and work product protection).  Plaintiffs also speculate that responsive documents may have been lost in the fire which severely damaged the Blumricks' garage and the 2020 Murano.  Dkt. 50-2 at 5.  Nevertheless, Defendant is entitled to learn whether any responsive documents exist or what steps Plaintiffs have taken to ascertain the actual facts concerning their existence.  See New York v. Grand River Enterprises Six Nations, Ltd., 2020 WL 7350335, at * 3 (W.D.N.Y. Dec. 15, 2020) ("it is basic that in responding to a request to produce documents pursuant to Fed.R.Civ.P. 34(a), a responding party is required to engage in good-faith reasonable effort to identify and locate all responsive documents subject to objections based on lack of relevance, overbreadth, undue burdensomeness and privilege.") (citing Guillory v. Skelly, 2014 WL 4542468, at *10 (W.D.N.Y. Sept. 11, 2014) (requiring requested party provide affidavit detailing steps taken to obtain the requested information and explaining why such attempt was unsuccessful).  Accordingly, Plaintiffs shall state

---

[3]  Exhibit A is a copy of New York Central's Fire Loss Questionnaire submitted to the Blumricks. It does not include a completed copy of the form by the Blumricks.  Weiner Declaration Exh. D, Dkt. 43-4, at 8.

unambiguously whether any documents responsive to this Request No. 13 exist or provide, in affidavit form, a statement explaining what steps were taken by Plaintiffs with respect to ascertaining the existence of documents responsive to Request No. 13.

Fifth, Defendant seeks more complete responses to Defendant's Requests Nos. 14 and 15 which request copies of color photographs, videotapes, movies and other pictorial representations of the fire scene including damage to the Blumricks' property and the 2020 Murano and which depict the condition of such property and vehicle prior to and after the fire.  *See* Weiner Declaration Exh. B, Dkt. 43-2, at 6-7.  Plaintiffs' response includes a statement that all responsive documents were included in the New York Central's claim file and/or the Blumricks' uninsured claim file.  *See* Weiner Declaration Exh. D, Dkt. 43-4, at 9.  Defendant contends such responses are deficient in that they fail to unambiguously state whether such photos and videos, etc. exist and that Defendant should be given copies of the Fire Form For Loss Questionnaire and N.Y. Standard Part II Fire Claim Form which the Blumricks are believed to have completed but which Plaintiffs have refused to produce.  *See* Defendant's Memorandum, Dkt. 44, at 18-19.  The court agrees with Defendant that Plaintiffs' response that "all non-privilege documents responsive" to Defendant's request "have been produced," *see* Weiner Declaration Exh. H, Dkt. 43-8, at 4 (referencing Plaintiffs' December 3, 2022 Letter to Defendant responding to Defendant's October 10, 2022 Letter requesting Plaintiffs produce responsive documents), is inadequate and, specifically, that it fails to include a copy of the Fire Form Loss Questionnaire and the N.Y. Standard Part II Fire Claim Form fully executed by the Blumricks as referenced in New York Central's letter to the Blumricks which was produced to Defendant.  *See*

13

Defendant's Memorandum, Dkt. 44, at 19.  *Cf., Converse v. State Farm Fire and Casualty Company*, __ F.Supp.3d __; 2023 WL 4489510, at *9 (N.D.N.Y. July 12, 2023) (recognizing defendant insurer has right to insurance proof of loss form in connection with investigating claim).  As with Plaintiffs' insufficient response to Request No. 13, *see,* Discussion, *supra*, at 11-13, Plaintiffs' response that "all non-privileged documents responsive to the RFP (Nos. 14 and 15) (*see* Weiner Declaration Exh. H, Dkt. 43-8, at 4) have been produced" is evasive and non-responsive.  *See Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 237-38 (W.D.N.Y. 1998) (conclusory assertion the requested documents were protected by a privilege are insufficient to satisfy the requested party's burden to "supply opposing counsel with sufficient information to assess the applicability of the privilege without revealing information which is privileged or protected." (citing cases)).  Accordingly, Plaintiffs shall either supplement Plaintiffs' responses or provide affidavits describing in reasonable detail what investigations Plaintiffs undertook to locate responsive documents.  *See also Grand River Enterprises Six Nations, Ltd.*, 2020 WL 7350335, at * 3.  Further, the Blumricks shall provide copies of the completed insurance forms, specifically the Firm Form Loss Questionnaire and the N.Y. Standard Part II Fire Claim Form, as discussed *supra*.  *See Converse*, 2023 WL 4489510, at *9.

      Sixth, Defendant's motion requests Plaintiffs to more fully answer Defendants' Interrogatory No. 10 which requests Plaintiffs describe all packages, materials, personal property located in the Blumricks' garage at the time of the fire.  *See* Weiner Declaration Exh. C, Dkt. 43-3, at 16.  Plaintiffs answered Defendant's Interrogatory No. 10 by stating Defendant was directed to Plaintiffs' Answer to Defendant's Interrogatory No. 1 which

14

requested Plaintiffs to specify all Plaintiffs' damages which Plaintiffs allege were caused by Plaintiffs' claims. *See* Weiner Declaration Exh. C, Dkt. 43-3, at 6. Plaintiffs further responded to Defendant's Interrogatory No. 10 by directing Defendant to the information included in Plaintiff New York Central's claim file and Plaintiffs Blumricks' uninsured loss claim file, *see* Weiner Declaration Exh. C, Dkt. 43-3, at 17, which Plaintiffs produced, in redacted form, in response to Defendant's Production Request Nos. 14-15. *Id.*, Exh. D at 8. However, "such broad responses referencing a party's document production request without sufficient particularization identifying, with reasonable exactness, which documents provide the requested answer to the interrogatory, is insufficient under Fed.R.Civ.P. 33(b)(3)" ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully."), *Mills v. Steuben Foods, Incorporated,* 2023 WL 179579, at *2 (W.D.N.Y. Jan 13, 2023) (plaintiff directed to provide "'*full, specific, detailed*, and *complete* responses to each of defendant's disputed interrogatories'" and rejecting plaintiff's "'strategy'" of directing defendant to allegations in the complaint or to defendants' claims files) (italics in original) (quoting *Gov't Employees Ins. Co. v. Strut, M.D.*, 2021 WL 230902, at *2 (W.D.N.Y. Jan 22, 2021) (citing *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2003 WL 21384304, at *5 n.24 (W.D.N.Y. May 9, 2003) ("[D]irecting the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery [interrogatories].") (citing caselaw))); *Chinn v. Elmwood Franklin School*, 2018 WL 6738326, at *4 (W.D.N.Y. Nov. 1, 2018) ("answering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33"). Here, Plaintiffs' reference to Plaintiffs' Answers to Defendant's Interrogatory No. 1 is deficient in that it contains no

listing whatsoever of the items located in the Blumricks' garage; rather, it describes only categories of loss such as walls, framing, doors, windows, fencing, deck structures, and damage to the Murano, along with values associated with such losses. *See* Weiner Declaration Exh. C, Dkt. 43-3, at 7-8, 9. Moreover, neither the New York Central claim file nor the Blumricks' uninsured loss claim file were provided to the court for its review by Plaintiffs, thus rendering an evaluation of whether such reference to these files as a sufficient answer to Defendant's Interrogatory No. 10, speculative. Based on the foregoing, Defendant's motion is GRANTED with regard to Plaintiffs' failure to properly answer Interrogatory No. 10.[4]

Seventh, in Defendant's Interrogatories Nos. 14 and 15, Defendant requests Plaintiffs specify the component part of the Murano Plaintiffs claim was defectively designed and, using technical, scientific, and engineering terminology or words of art and the defective design of such component in detail, the manner in which Plaintiffs claim each such component should have been designed, and provide any alternative designs Plaintiffs claim should have been utilized by Defendant. Weiner Declaration Exh. C, Dkt. 43-3, at 18. Defendant's Interrogatory No. 15 requests Plaintiffs provide the same information as sought by Defendant's Interrogatory No. 14 with respect to any Plaintiffs' claims that the component part identified by Plaintiffs was defectively manufactured. Weiner Declaration Exh. C, Dkt. 43-3, at 21. Plaintiffs' answers stated that the defective components included the Murano ABS actuator pump, circuit board,

---

[4] Attached to Defendant's Reply, is a copy of Plaintiff Wayne Blumrick's list of personal property items lost in the fire. *See* Dkt. 51-1. However, such listing fails to indicate it represents a complete listing of all property located in the garage and particularly property which fire investigators reported were stored in the garage such as flammable liquids (*see* Weiner Declaration Exh. A, Dkt. 44-7 (Niagara County Fire Investigation Report)) nor their locations within the garage at the time of the fire. Defendant's Reply, Dkt. 51, at 11.

coupler, and surrounding bulkhead insulator and seals which allowed ABS brake fluid to leak on the ABS circuit board causing a fire.  *Id.* at 18.  Plaintiffs' answer to Defendant's Interrogatory No. 15 requesting details of Plaintiffs' manufacturing defect refers to Plaintiffs' answer to Interrogatory No. 14.  *See* Weiner Declaration Exh. C, Dkt. 43-3, at 21.  Plaintiffs further stated that NHTSA recalls of Defendant's 2015-2018 Murano's because of such defects in the design and manufacturing process of Defendant's ABS components, particularly the ABS actuator pump, supported Plaintiffs' claims given, as Plaintiffs assert, that the Blumricks' 2020 Murano had "similar" ABS components.  *See* Weiner Declaration Exh. C, Dkt. 43-3, at 19; Dkt. 50-2 at 7.  Defendant contends Plaintiffs' answers to Interrogatories Nos. 14 and 15 are insufficiently responsive.  Defendant's Memorandum, Dkt. 44, at 22.

Specifically, Defendant argues that Plaintiffs' answers side-step basic questions of specifically how the Blumricks' Murano's ABS system was defectively designed or manufactured, relying instead on the fact that the 2015-2018 NHTSA Murano recalls involving ABS actuator assemblies were similar to the 2020 Murano's ABS system.  *Id.* at 22-23; Defendant's Reply, Dkt. 51, at 13.  Plaintiffs' assertion of similarity between ABS actuators in the recalled Muranos and the Blumricks' Murano reinforces the need for Plaintiffs to answer Defendant's Interrogatory Nos. 14 and 15 in specific technical terms explaining the basis for Plaintiffs' alleged design or manufacturing defect given that Defendant maintains that the part number in the recalled Murano ABS actuators is not the same as the part number for the Blumricks' Murano's ABS actuator, *see* Defendant's Memorandum, Dkt. 44, at 23 n. 7, a fact unchallenged by Plaintiffs.  *See* Plaintiffs' Memorandum, Dkt. 50 (*passim*).  Defendant points out Plaintiffs' answers fail

17

to address whether Plaintiffs are asserting the Murano's actuator pump failed and caused the fire because it contained a defective oil seal; Plaintiffs' answers fail to provide the facts upon which Plaintiffs rely in asserting the actuator pump failed, and whether Plaintiffs' claim that the ABS actuator pump in the Blumricks' Murano was manufactured in the same lot as those installed in different Nissan vehicles and recalled.  Defendant's Reply, Dkt. 51, at 13.  Plaintiffs' answers also fail to explain how the Murano, which was presumably parked in the Blumricks' garage for some period of time prior to the fire, could have generated sufficient electrically induced heat in the ABS circuit board which could have caused a fire if brake fluid had come into contact with the board, as Plaintiffs allege, while the Murano was parked in the garage.  While Plaintiffs assert the Murano failed to "perform properly" when the Blumricks "operated" the Murano in a reasonably foreseeable manner, Plaintiffs' Memorandum, Dkt. 50, at 8, the record does not indicate the Murano was being operated when the fire started or that the Blumricks had recently operated the vehicle.  Both this court and New York State courts have held that defendants are entitled to interrogatory answers that sufficiently detailed in discovery the technical bases for a plaintiff's claim of negligent design or manufacture, strict liability and breach of warranty claims.  *See Brown v. United States,* 179 F.R.D. 101, 106 (W.D.N.Y. 1998) (in FTCA action plaintiff was required to answer fully defendant's interrogatory requesting plaintiff to identify the "bases" for plaintiff's claims of negligence, strict liability, and breach of warranty regarding a plastic injection mold which injured plaintiff); *Nutting v. Ford Motor Company*, 593 N.Y.S.2d 111, 112-13 (3d Dept. 1993) (plaintiff required to provide interrogatory answers stating specific information regarding alleged defects, malfunctions, or improper design of automobile

18

involved in accident) (citing *Wiseman v. American Motors Sales Corp.,* 475 N.Y.S.2d 885, 886-87 (2d Dept. 1984) (plaintiff's answers to defendant's interrogatories failed to provide sufficient information concerning, *inter alia*, the nature of the defects in the alleged component parts of the vehicle involved in plaintiff's accident)).  Accordingly, the court finds Plaintiffs' answers to Defendant's Interrogatories Nos. 14 and 15 are deficient and Defendant's motion should be GRANTED as to this issue.

## CONCLUSION

Based on the foregoing, Defendant's motion is GRANTED.  Plaintiffs shall provide supplemental document production and interrogatory answers consistent with the court's determination herein within 30 days.

As required by Fed.R.Civ.P. 37(a)(5)(A), Plaintiffs shall show cause not later than 20 days from the date of this Decision and Order why Defendant's expenses, including attorneys fees, in connection with Defendant's motion should not be awarded. Defendant's response shall be filed within 10 days; Plaintiffs' reply shall be filed within five days thereafter.  Oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
       LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  September 28, 2023
            Buffalo, New York